UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROSPECT STREET ENERGY, LLC, and
PROSPECT STREET VENTURES I, LLC

    Petitioners,

v.

EVEREST ENERGY MANAGEMENT, LLC,
ENERGY GROUP MANAGEMENT, LLC,
EE GROUP, LLC,
EVEREST ENERGY GROUP, LLC,
DART ENERGY CORPORATION,

    Respondents.
_____/

Case No. 16-cv-11376

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER GRANTING PETITIONERS' MOTION TO CONSOLIDATE COMPANION CASES [39]**

**I. INTRODUCTION**

Prospect Street Energy, LLC, and Prospect Street Ventures I, LLC ("Petitioners" or "Prospect") initiated this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 6 and 9, as a Petition to Confirm an Arbitration Award, on April 15, 2016. *See* Dkt. No. 1. The case was docketed as Case No. 16-cv-11376.

Before the Court is Petitioners' Motion to Consolidate Case Nos. 16-cv-11376, 16-cv-11377, and 16-cv-11590 into a single action. *See* Dkt. No. 39. The

Motion is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Motion to Consolidate will be **GRANTED**.

## II. BACKGROUND

Prospect seeks to confirm an arbitration award issued by a three-member arbitral tribunal. The Arbitral Award was issued on April 7, 2016, against Respondents Dart Energy Corporation ("Dart"), Everest Energy Management, LLC, Energy Group Management, LLC, EE Group, LLC, and Everest Energy Group, LLC (collectively "Everest").

On April 11, 2016, Everest commenced an action in St. Clair County Circuit Court, against Prospect (Case No. 16-000838-CB), seeking to vacate the Arbitral Award (the "Everest action"). On April 14, 2016, Dart filed a motion to intervene in the Everest Action.

On April 15, 2016, pursuant to its statutory right under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, Prospect filed its original petition to confirm the Arbitral Award in this action. Dkt. No. 1. Also on April 15, 2016, Prospect filed a motion to remove the Everest Action to Federal Court, where it was given the Case No. 16-cv-11377.

On April 19, 2016, Dart filed its own complaint in the St. Clair County Circuit Court (Case No. 16-000899-CB). On May 3, 2016, Prospect removed Dart's complaint to this Court, where it was given Case No. 16-cv-11590. All parties are in agreement that all three of the pending actions deal with the same arbitral award.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 42(a) provides as follows:

> (a)   Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). It is within the discretion of the district court to determine whether cases involving the same factual and legal questions should be consolidated. *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965). Here all three cases are based on the same sequence of events, and contain identical issues of fact and law.

Respondents first argue that because the Everest action was filed in state court first, it should be the controlling case, despite the fact that it was technically removed to federal court after Prospect filed its petition to confirm the arbitration award. *See* Dkt. No. 43 at 5 (Pg. ID No. 688); Dkt. No. 45 at 4–5 (Pg. ID No. 700–

-3-

01). Therefore, the argument follows, if the cases are to be consolidated, they should be consolidated under case no. 16-cv-11377. The Court disagrees.

The first-filed rule only applies to cases "filed in separate federal courts." *AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004). "The rule provides that when actions involving nearly identical parties and issues have been filed in *two different district courts*, 'the court in which the first suit was filed should generally proceed to judgment.' " *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (emphasis added) (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). Here, all three of the actions are in the same district. Therefore, the Court does not find it necessary to look to the first-to-file rule in this matter.

Respondent Dart further argues that Prospect is merely trying to use "a litigation strategy" to "defeat [Dart's] motion to remand based on lack of subject-matter jurisdiction," filed under case no. 16-cv-11377. Dkt. No. 45 at 5 (Pg. ID No. 701). However, Respondent Dart provides no authority for the position that the Court may not consolidate cases with pending motions. Whether the attempt to consolidate is or is not a "strategy" to defeat Dart's motion, the fact remains that these duplicitous cases should be consolidated. Accordingly, the Motion will be granted.

-4-

## IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that Petitioners' Motion to Consolidate [39] is **GRANTED**. Case numbers 16-cv-11376, 16-cv-11377 and 16-cv-11590 are hereby **CONSOLIDATED**. The Clerk of the Court shall docket a copy of this order in all three cases.

**IT IS FURTHER ORDERED** that cases 16-cv-11377 and 16-cv-11590 are **DISMISSED**. All future documents shall be filed under case 16-cv-11376. The parties may refile any necessary documents from the dismissed cases under case 16-cv-11376.

**IT IS SO ORDERED.**

Dated: June 22, 2016  
Detroit, MI

s/ Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **June 22, 2016.**

s/Tanya R. Bankston  
TANYA R. BANKSTON  
Case Manager & Deputy Clerk